## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | Case No. 23-09139 |
| | ) | |
| Dalia S. Manjarres-Cohen | ) | |
| | ) | Chapter 7 |
| Debtor. | ) | |
| | ) | Judge Timothy A. Barnes |
| _____ | ) | |
| | ) | |
| Robert Vallejos, | ) | |
| Plaintiff, | ) | Adversary Case No. 23-00318 |
| | ) | |
| V. | ) | |
| | ) | |
| Dalia Manjarres -Cohen, | ) | |
| Defendant. | ) | |

## AMENDED ADVERSARY COMPLAINT

Plaintiff, Robert Vallejo, by and through his undersigned counsel, Cole Sadkin, LLC, files this Complaint pursuant to, USCS Bankruptcy R. 7001(6) and 11 USCS 523 (a)(2)(A), and alleges the following in support of the requested relief:

### JURISDICTION

1. This is an adversary proceeding in which the Plaintiff(s) is/are seeking compensatory damages for damages stemming from a fraudulent taking of insurance funds, and the fraudulent misrepresentations made to induce the Plaintiff to accept a real estate transaction.

2. This Court has jurisdiction pursuant to 28 U.S.C. §§ 157 and 1334.

3. This is a core proceeding pursuant to 28 U.S.C. § 157 (2)(I) and (J).

4. Plaintiff has standing to bring this action as he is a creditor.

5. Venue is proper pursuant to 28 U.S.C. § 1409(a).

6. Dalia Manjarres-Cohen ("Debtor"), is the trustee of the DMC Irrevocable Trust and listed as the former beneficiary of the State Farm insurance policy covering fire damage relative to the Subject Property, commonly known as 6150 N Milwaukee Ave., Chicago, Illinois 60646 (the "Subject Property").

7. On or about September 5, 2018, Plaintiff entered into an agreement with the Trust for the purchase of the Subject Property (the "Agreement" or the "Transaction").  A copy of the Agreement relative to the Transaction is attached hereto, as **Exhibit A**.

8. At the time of the Transaction, Vallejo paid the sum of $6,500.00 as agreed, and in consideration for the transfer of interest in the Subject Property from the Trust to Plaintiff. The Transaction was witnessed and attested to by Notary Public, Emilia Crespo, as evidenced by her seal affixed the Agreement.

9. Pursuant to the express terms of the Agreement, "Buyer shall provide evidence of same [insurance] at the time of closing *or may assume Seller's insurance*."

10. Plaintiffs elected to assume the Trust's insurance at the time of the closing of the Transaction.

11. Debtor claimed that she would change the beneficiary on the policy at the time of the closing.

12. Subsequent to the Transaction, Plaintiff assumed payment for the Subject Property's mortgage and insurance premiums with State Farm.

13. Plaintiff took possession of the Subject Property after closing, with the Plaintiff assuming payment obligations for the underlying note (secured by a mortgage), property insurance and taxes.

14. Plaintiff made the payments due for the underlying note (secured by a mortgage), property insurance and taxes were requested by and made to Debtor's Husband at the time so that he could complete the payments due to each of the proper creditors. Upon information and belief, Debtor and her ex-husband converted the payments for their own use.

15. Pursuant to the terms of the agreement and in consideration of the Plaintiff's Payments and performance at the time of the closing, Debtor had the following obligations (but not limited to the following);

    a. Convey a deed to the Plaintiff;

    b. Furnish an affidavit of title;

    c. Deliver a letter to the Plaintiff, that was sent to the tenants of the building by the Debtor and signed by the debtor, stating the building was sold and future rent was to be paid to the Plaintiff;

    d. Deliver a letter to Plaintiff, signed by the Debtor or her husband at the time, terminating the Subject Property's custodian, including terminating the rent free arrangement for the custodian's apartment;

    e. Deliver a letter to Plaintiff, signed by the Debtor or her husband at the time, assigning to the Plaintiff any and all service contracts affecting the Subject Property.

    f. Turnover possession of personal property to be sold by Plaintiff pursuant to the terms of the agreement, as well as turnover fixtures and equipment permanently attached to the improvements on the premises.

    g. Permit the Plaintiff to assume the Debtor's insurance relative to the subject Property and name the Plaintiff as the beneficiary of any policy.

    h. Utilize any insurance proceeds to pay for the restoration or reconstruction of any damages or lost improvement.

16. Subsequent to the closing of the transaction, a fire occurred at the Subject Property causing significant damage to the Subject Property.

17. Plaintiffs attempted to make a claim, under the State Farm policy, for coverage resultant from the fire damage.

18. Although the State Farm policy was assumed by Plaintiffs at the time of the Transaction, State Farm investigated and paid out the approximate sum of $170,738.13 to the Trust, particularly the Debtor, instead of Plaintiffs.

19. Upon information and belief, the State Farm funds were usurped by Debtor and her ex-husband, Junior, and used in whole or in part for their own personal benefit.

20. Also, after the closing of the transaction, Debtor failed to perform any of the duties listed out in paragraph 14 above.

21. Upon information and belief, Debtors never intended to complete any of the duties in paragraph 14, despite representing to the Plaintiff that they would.

22. On November 17, 2019, the Plaintiff filed a Complaint against the Debtor in the Circuit Court of Cook County, IL. (Cook County Circuit Court Case number 2019 M1 133609) (the "Complaint"). Count IV of the Cook County Case alleges "Common Law Fraud" on the part of the Debtor. Please see a copy of the Complaint attached hereto and incorporated herein as **Exhibit B.**

23. Debtor was served with service of process with the complaint, but never filed a response to the Lawsuit.

24. On February 2, 2022 The Honorable Judge Elizabeth A. Walsh of the Circuit Court of Cook County entered a default judgment against the Debtor in the amount of $189,445.13 Please see the attached Copy of the Judgment attached hereto and incorporated herein as **Exhibit C**.  (the "Judgment")

25. Plaintiff filed a citation to discover assets on January 23, 2023, which was served on the Debtor on January 24, 2023.  Please see a copy of the Citation attached hereto and incorporated herein and **Exhibit D**.

26. Having failed to appear for the Citation, the Circuit Court of Cook County, Illinois issued a Rule to Show Cause against the Debtor on or about March 7, 2023, which Debtor was served with on March 18, 2023.

27. Debtor filed an initial Chapter 7 Bankruptcy Petition on April 3, 2023 which was dismissed on June 20, 2023.

28. Debtor filed the instant Chapter 7 Bankruptcy Petition on July 14, 2023.

## COUNT I
## 11 USCS 523 (a)(2)(A) THE CREDITOR'S DEBT IS EXCEPTED FROM DISCHARGE AS IT WAS CREATED DUE TO DEBTOR'S FRAUD

29. Plaintiff incorporates paragraphs 1 through 27 as paragraph 28 of this Count I.

30. <u>11 USCS 523 (a)(2)(A)</u> does not allow an individual debtor to discharge any debt…for money, property, services…obtained by…false pretenses, a false representation, or actual fraud.

31. Debtor made misrepresentations and used deceptive conduct to induce the Plaintiff to accept the deal for the Subject Property.

32. Such misrepresentations and conduct include the following:

    a. The Debtor's acceptance of payments for payment of the underlying mortgage while not making the payments;

    b. The Debtor's promise to send a letter to the tenants of the Subject Property advising them to make rental payments to the Plaintiff which was never done;

    c. The Debtor's taking of the State Farm Insurance payout and converting it for her own personal use.

33. Debtor had knowledge of the falsity of her statements and the deceptiveness of her conduct.

34. The debtor intended to deceive the Plaintiff in order to retain the funds Plaintiff paid for the underlying mortgage and to keep the insurance proceeds.

35. Plaintiff justifiably relied on the statements and actions of the Debtor as it was presumed that this was a normal business transaction.

36. Plaintiff has suffered financial losses proximately caused by his reliance on the conduct and statements of the Debtor.

37. There exists a judgment for fraud against the Debtor, entered by the Cook County Circuit Court.

    Wherefore, Movant, Robert Vallejos, respectfully requests that this Honorable Court does not grant the discharge of the debt owed to him by the Debtor, Dalia S. Manjarres-Cohen, and for any other relief this Court deem fair and equitable.

October 13, 2023                                          /s/Mark Johnson
                                                                                          Mark Johnson
                                                                                          Attorney for the Plaintiff

Mark Johnson
Dean Tatooles
**Cole Sadkin, LLC**
1652 W. Belmont

Chicago, Illinois 60657
(312) 548-8610
mcole@colesadkin.com
Cook County Attorney No. 49001